IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FRED T. CALDWELL, | § | |
| | § | |
| Defendant Below, | § | No. 433, 2016 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 0207018104B |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 14, 2016
Decided: November 16, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## ORDER

This 16th day of November 2016, after careful consideration of the opening brief, motion to affirm, and record below, we find it manifest that the Superior Court's order, dated August 10, 2016, should be affirmed. The Superior Court did not err in dismissing Fred T. Caldwell's fifth motion for postconviction relief because the motion failed to plead with particularity a claim that: (i) new evidence exists that creates a strong inference that Caldwell is actually innocent; or (ii) a new rule of constitutional law made retroactive to cases on collateral review renders his convictions invalid.[1] We note that this is the second time Caldwell has unsuccessfully argued that his 2002 police interviews constituted a two-stage

---

[1] Super. Ct. Crim. R. 61(d)(2).

interrogation under *Missouri v. Seibert*[2] and that therefore his incriminatory statements should have been suppressed.[3] We will not continue to invest scarce judicial resources to address untimely and repetitive claims. We encourage the appellant to be mindful of Superior Court Criminal Rule 61(j).[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] 542 U.S. 600, 614-17 (2004) (holding post-*Miranda* confession was inadmissible where *Miranda* warnings were not given until the middle of the interrogation, after the defendant confessed for the first time).

[3] *Caldwell v. State*, 2015 WL 4975291, at *1 (Del. Aug. 19, 2015) (affirming the summary dismissal of Caldwell's postconviction claims, which included claim under *Seibert*, because Caldwell failed to plead with particularity a claim that there was new evidence creating a strong inference that he was actually innocent or a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid). We previously held that Caldwell was not being interrogated at the time of his initial incriminating statements to the police and therefore *Miranda* was not implicated. *Caldwell v. State*, 2010 WL 376902, at *2 (Del. Jan. 29, 2010).

[4] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").